UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14061-Moore/McCabe

FARRIS E. WILSON,

    Plaintiff,

v.

ERIK ARELLANO and
NICHOLAS ANTON,

    Defendants.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss ("Motion") (DE 4), which was referred to the undersigned by United States District Judge K. Michael Moore (DE 11). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint.

### I. BACKGROUND

This is a pro se civil rights case against two Fort Pierce police officers, Nicholas Anton and Erik Arellano. (DE 1-3). The Complaint alleges that these two officers approached Plaintiff on March 4, 2024 to ask him questions concerning a nearby auto accident. (DE 1-3 at 3). Plaintiff alleges he felt no need to respond so he walked away. (DE 1-3 at 3). At that point, the two officers attacked Plaintiff, detained him without probable cause, and accused him of resisting arrest, even though Plaintiff verbally told the officers he was not resisting arrest. (DE 1-3 at 3).

Plaintiff next alleges that one or more of the officers (he does not specify which) handcuffed him, slammed him into the side of the police car, and then slammed him into the rear seat of the police car. (DE 1-3 at 3). Someone (Plaintiff does not specify who) then slammed the rear door of the car into him several times. (DE 1-3 at 3).

One of the officers (again Plaintiff does not specify which) asked Plaintiff whether he was on drugs, and Plaintiff responded, "I'm tired." (DE 1-3 at 4). One or more of the officers then transported Plaintiff to the hospital for a medical evaluation. (DE 1-3 at 4). At the hospital, nurses gave Plaintiff two shots (he assumes of Narcan) against his will. (DE 1-3 at 4). Plaintiff insisted, all the while, that he was not on drugs and was merely tired. (DE 1-3 at 4).

Thereafter, the two officers filed charges against Plaintiff in bad faith. (DE 1-3 at 5). Plaintiff does not indicate the venue or type of charges filed, nor does he indicate the current status of those charges. Plaintiff also alleges the two officers gave perjured testimony "in depositions." (DE 1-3 at 6). Plaintiff does not indicate the topic or subject matter of the deposition testimony he believes to be false, nor does he indicate why he believes the deposition testimony to be false. Plaintiff alleges these events mentally traumatized him, and he seeks monetary and punitive damages. (DE 1-3 at 4).

## II.  **LEGAL STANDARD**

By way of this Motion, Officer Anton[1] seeks dismissal of all claims against him pursuant to Fed. R. Civ. P. 12(b)(6). (DE 4). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

---

[1] The other defendant, Officer Arellano, has not yet been served.

Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Officer Anton urges dismissal of the Complaint on multiple grounds, but the Court need only address one, namely, that the Complaint violates the rule against shotgun pleadings. (DE 4 at 4-5). As set forth below, the Court agrees that the Complaint suffers from the problems of shotgun pleadings, and the Court therefore recommends dismissal without prejudice.

#### A. Shotgun Pleadings

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) requires that each claim be presented in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate occurrence ... be stated in a separate count." Complaints that violate Rules 8(a)(2) and 10(b) are known as "shotgun pleadings." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both."). Shotgun pleadings fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Ctny. Sheriff's*

*Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Shotgun pleadings commonly suffer from one or more of the following deficiencies:

 (1) they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, and leaving the last count to be a combination of the entire complaint;

 (2) they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;

 (3) they do not separate each cause of action into a different count; and

 (4) they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Id.*

### B. Plaintiff's Complaint

The Complaint here suffers from at least three of the above deficiencies, making it difficult to understand the claims asserted.

#### 1. Which Defendant Committed Which Acts?

First, the Complaint repeatedly refers to the actions of "the officer" or "the officers" without specifying which officer committed which acts. As an example, Plaintiff alleges he was "forcefully slammed into the steel grill of the driver side rear door," that he was "forcefully slammed into the back seat," and that the rear door was "slammed" into him several times. (DE 1-3 at 3). But Plaintiff does not explain *who* committed these actions. Officer Anton? Officer Arellano? Both? To survive dismissal, a plaintiff must include sufficient factual detail to give each Defendant fair notice of the *exact* wrongdoing of which he is accused. Plaintiff has not met this standard.

### 2. One Clear Legal Theory Per Count

Next, the Complaint does not separate each legal cause of action into a separate count, with one clear legal theory per count. Although the Complaint purports to bring three counts, close inspection reveals that each count contains a hodgepodge of potential claims, causes of action, boilerplate legal terms, and citations to miscellaneous state and federal laws. Count I cites to the United States and Florida Constitutions, as well as Florida's Implied Consent and Refusal Law, Fla. Stat § 316.1932, and Florida's punitive damages statute, Fla. Stat. § 768.72. (DE 1-3 at 5). Count II cites to the Florida Constitution, as well as the federal criminal statute for false statements, 18 U.S.C. § 1001, and Florida's punitive damages statute, Fla. Stat. § 768.72. (DE 1-3 at 5). Count III again cites to the Florida Constitution, as well as several Florida statutes related to perjury, Fla. Stat. §§ 857.02, 837.021. (DE 1-3 at 6).

The Court recognizes that Plaintiff is proceeding *pro se* and that Court must view his pleadings liberally. Even under the most liberal standard, however, the Court cannot decipher the legal theory of each count. To survive dismissal, a plaintiff must separate his complaint into separate legal counts with one cognizable legal theory per count. *See Vujin v. Galbut*, 836 F. App'x 809, 817-18 (11th Cir. 2020) (finding a shotgun pleading where, inter alia, the complaint listed numerous statutes and constitutional provisions within each count and also incorporates all general allegations). Plaintiff has not met this standard.

From what the Court can piece together in its best reading of the Complaint, the factual scenario described by Plaintiff could *potentially* form the basis of a claim under 42 U.S.C. § 1983 for false arrest, excessive force, and/or malicious prosecution. To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a federal (not state) constitutional right,

5

and (2) that the alleged violation was committed by a person acting under color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

In addition, because the Complaint describes the actions of on-duty police officers, Plaintiff must allege facts to overcome qualified immunity. The doctrine of qualified immunity provides "complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (cleaned up). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (cleaned up). This means Plaintiff must allege facts that show not only that the Defendant committed a constitutional violation, but that the constitutional right at issue was "clearly established" at the time of the violation. *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).

The current Complaint does not attempt to allege a claim under 42 U.S.C. § 1983, nor does it allege facts sufficient to overcome the difficult hurdle of qualified immunity. As such, the Complaint should be dismissed.

### 3. Clear Supporting Facts

Finally, the Complaint fails to allege clear, supporting facts logically tied to each legal claim. Instead, the Complaint makes boilerplate conclusions, leaving many unanswered questions. Examples include the following:

- Count II alleges that the Defendants "filed charges" in bad faith against Plaintiff. (DE 1-3 at 5). What charges? When and where were the charges filed? Why does Plaintiff believe the Defendants filed the charges in bad faith? Are the charges still pending? If the charges are no longer pending, who won?
- Count III alleges that the Defendants committed perjury in "depositions." (DE 1-3 at 6). Why were the Defendants deposed? What did the Defendants say in these depositions that was false? Why does Plaintiff believe the deposition testimony to be false?

For all of the above reasons, the Court finds the Complaint should be dismissed as a shotgun pleading. Given that Plaintiff has not had any previous opportunities to amend, he should be given an opportunity to re-plead his claims by way of an Amended Complaint. The Amended Complaint should comply with the Federal Rules of Civil Procedure and should avoid the problems common to shotgun pleadings. It should specify which Defendants committed which actions, and it should separate the causes of action into separately numbered counts with one clear legal theory per count. *See Taylor v. Royal Caribbean Cruises Ltd.*, No. 20-22161-CIV, 2020 WL 3257988, at *1 (S.D. Fla. June 16, 2020) (collecting cases on shotgun pleadings and giving instructions for any future amended pleading). Also, any amended pleading must do more than make conclusory, boilerplate allegations; it must allege sufficient factual matter to state a claim of relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678.

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 4) be **GRANTED**. Because Plaintiff may be able to plead additional facts to cure these pleading

deficiencies, the undersigned further **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint.  **Pending the District Judge's resolution of this Report and Recommendation, Plaintiff may only file an Amended Complaint in full compliance with Fed. R. Civ. P. 15.**

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of August 2024.

_____
RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc:   counsel of record; Plaintiff, *pro se*.