UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:24-cv-14061-KMM

FARRIS E. WILSON,

    Plaintiff,

v.

ERIK ARELLANO and
NICHOLAS ANTON,

    Defendants.
_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Nicholas Anton's ("Defendant") Motion to Dismiss Plaintiff's Complaint. (ECF No. 4). This case was referred to the Honorable Ryon M. McCabe, United States Magistrate Judge, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters. (ECF No. 11). On August 12, 2024, Magistrate Judge McCabe issued a Report and Recommendation ("R&R") (ECF No. 23) recommending that the Motion be GRANTED and that *pro se* Plaintiff Farris E. Wilson's ("Plaintiff") Complaint (ECF No. 1-3) be DISMISSED WITHOUT PREJUDICE. Defendant filed a timely Objection. ("Obj.") (ECF No. 24). The matter is now ripe for review.[1] As set forth below, the Court ADOPTS the R&R.

**I.    LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or

---

[1] The Court assumes the Parties' familiarity with the facts and procedural history, which are set forth in the R&R. *See* R&R at 1–2.

recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015) (citation omitted); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the [R&R] not objected to under a clearly erroneous standard of review" (quoting *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

**II.    DISCUSSION**

As set forth in the R&R, Magistrate Judge McCabe concludes that Plaintiff's Complaint should be dismissed without prejudice for violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b). *See generally* R&R. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.* Such a shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent.*

*Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Est. Mortg. Network, Inc. v. Cadrecha*, No. 8:11-CV-474-T-30AEP, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

Here, Magistrate Judge McCabe finds that Plaintiff's Complaint is an impermissible shotgun pleading for at least three reasons. *See* R&R at 4. First, the Complaint repeatedly refers to the actions of "the officer" or "the officers" without specifying which officer committed which acts. *Id.* Therefore, the Complaint does not include sufficient factual detail to give each Defendant fair notice of the exact wrongdoing of which he is accused. *Id.* Second, the Complaint does not separate each legal cause of action into a separate count, with one clear legal theory per count. *Id.* at 5. As Magistrate Judge McCabe explains, "[a]lthough the Complaint purports to bring three counts, close inspection reveals that each count contains a hodgepodge of potential claims, causes of action, boilerplate legal terms, and citations to miscellaneous state and federal laws." *Id.* Relatedly, because Plaintiff's Complaint describes the actions of on-duty police officers Plaintiff must allege facts to overcome qualified immunity, which Plaintiff has failed to do. *Id.* at 6. Finally, the Complaint fails to allege clear, supporting facts logically tied to each legal claim. *Id.* Instead, the Complaint "makes boilerplate conclusions, leaving many unanswered questions." *Id.* Upon review, the Court agrees with Magistrate Judge McCabe's analysis and finds that Plaintiff's Complaint is a quintessential example of a shotgun pleading.

Defendant filed an Objection. *See* Obj. Therein, Defendant merely states that he objects to the R&R "to the extent that the Report and Recommendation addresses only one ground raised in Defendant's Motion to Dismiss . . . and dismisses Plaintiff's Complaint without prejudice." Obj. at 1. Defendant asserts that "[t]he other grounds raised in Defendant's Motion to Dismiss

may result in a dispositive ruling regarding Plaintiff's claims." *Id.* Defendant's objection is without merit. The Court agrees with Magistrate Judge McCabe that since Plaintiff has not had any previous opportunities to amend, he should be given an opportunity to re-plead his claims by way of an Amended Complaint. R&R at 7. Defendant's objection is therefore overruled.

### III. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the Objection, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 23) is ADOPTED. Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 4) is GRANTED. Plaintiff's Complaint (ECF No. 1-3) is DISMISSED WITHOUT PREJUDICE with leave to file an Amended Complaint. In the event Plaintiff decides to file an Amended Complaint, the Amended Complaint should comply with the Federal Rules of Civil Procedure and should avoid the problems common to shotgun pleadings. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __29th__ day of August, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record